RUSSELL (BARBOUR v.). See Case No. 971.

## Case No. 12,152.

### RUSSELL v. BARNEY.

[6 McLean, 577.] [1]

Circuit Court, N. D. Illinois. July Term, 1855.

EJECTMENT—DEFENSES—LIMITATION—CERTAINTY OF CLAIM.

1. The 8th section of the revised statute of the 3d of March, 1845 [Rev. St. Ill. p. 104], requires three things to protect the tenant in possession. 1. He must have entered upon the land in good faith, under color of title. 2. He must have been in possession for seven years, before suit was brought. 3. He must have paid all taxes assessed on the land during that period.

2. To protect the possession under the ninth section, two things only are required: 1. Color of title made in good faith. 2. He must have paid all taxes assessed on the land seven years before suit was brought. The above sections impose a limitation on titles.

3. On the grounds stated, they declare the land shall be held and adjudged to belong to the occupant or the person who has, for seven years, paid the taxes. .

4. The act does not operate directly on the title, but conditionally. It is a statute of limitations, and therefore, does not impair the obligation of the contract.

5. An individual must claim under one section, and cannot claim under both. Having been in possession less than seven years, he cannot claim under the 8th section, nor can he claim under the 9th section where the land is not vacant and unoccupied for seven years. Under this section, the tenant must bring himself strictly within the statute.

[This was an action in ejectment by James B. Russell against John Barney.] ·

Mr. Weed, for plaintiff.
Mr. Peters, for defendant.

BY THE COURT. This is an ejectment brought to recover a tract of land in the possession of the defendant, and which he claims under a tax title, having paid the taxes thereon for seven years before the institution of this suit. It is admitted the defendant, resting only on his deed from the auditor on the tax sale, could not maintain his right, as there are in the proceedings prior to the sale, certain defects, which would be fatal to his

title. But he does not rest his defence on his tax deed, although upon its face it is prima facie a good title; but he relies on the act of 1839, republished in the Revised Statutes of 1845, the 8th section of which provides, that "every person in the actual possession of lands or tenements, under claim or color of title, made in good faith, and who shall for seven successive years, continue in such possession, and shall also, during said time, pay all taxes that are legally assessed on such lands and tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession by purchase, devise, or descent, before said seven years shall have expired, and who shall continue such possession, and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section." There are three essential requisites, under the above section to constitute a valid defense in this case. First, the defendant, in the purchase at the tax sale and obtaining the deed, must have acted in good faith. He must have made the purchase with the belief that he was acquiring a good title under such sale; and the deed upon its face must purport to convey a good title. And this is wholly inconsistent with any fraudulent contrivance or unfairness in the purchase, or any knowledge, at the time, that the sale was void. In the second place, he must have entered into the possession with an honest intention to occupy it, believing it to be his, and that possession must be continued by him or his assignee for the term of seven years, before an action for the title shall be brought. In the third place, he or his assignee must not only have remained in possession for seven years, but he must have paid all taxes legally assessed thereon. These three requisites having been complied with, the statute declares, "he shall be held and adjudged to be the legal owner of the land."

What is the character of this act. It varies somewhat in form from an ordinary statute of limitations. But in considering an act we must regard its effect rather than its phraseology. A statute of limitations in regard to real estate generally provides that "every real possessory action shall be brought within —— years next after the right or title accrues, and not after." Now the right of action accrues so soon as an adversary possession is taken, and the effect is, if the action be not brought before the expiration of the time specified, that the right of entry is gone. In other words, his right is declared to be unavailable.

The above, does not in terms render the title of the original owner inoperative and void, but it takes from him the means of recovery. The right of entry is gone, and without this his interest in the land, in effect, is extinguished. And this consequence results from

[1] [Reported by Hon. John McLean, Circuit Justice.]

the adversary possession of the defendant. The eighth section above cited provides, that the person whose possession and payment of taxes bring him within its provisions, shall "be held and adjudged the legal owner." In both cases the claim of the occupant is protected, and the effect to both parties is the same. The former owner has lost his right of entry on the premises, and is barred; and in the other case the owner is barred, by the right given to the occupant under the statute. In both cases the title of the former owner is barred. Barred from bringing his action, in the one case, and in the other, by the paramount right of the occupant. Statutes of limitations are founded upon public policy. They have been adopted in all civilized countries, whether under the civil or the common law. They have had a salutary effect in giving quiet and greater certainty to titles of real estate.

The objection that this section acts upon the title and not upon the remedy of the owner, is more specious than sound. Whether the statute operate upon the right of remedy or the right of property, in a case stated, it produces the same result to the original owner. In either case his title is without effect. The objection that the statute cannot operate except on titles acquired subsequent to its date, is not sustainable. Statutes of limitations affect all titles to real estate without having regard to their dates, as they have upon personal obligations. The question is, has the statute run the time limited, against the title claimed, or the chose in action declared on. Whether the statute provide any savings for disabilities, is a matter of policy, addressed to the discretion of the legislature, but does in no respect affect its power. The 8th section is not indefinite as to time. It provides that if any person shall remain in possession of lands or tenements seven successive years, under a color of title made in good faith, and shall pay the taxes during that period, he shall be held and adjudged to be the legal owner. If he remain in possession a less number of consecutive years, or shall fail to pay the taxes for the same time, he has no claim under the section. But in this case, although the defendant may have paid the taxes for seven successive years, it is admitted that he has occupied the premises in controversy only a part of that time. He, therefore, cannot defend his possession under the 8th section of the act. The claim he asserts, must rest upon the 9th section, or, partly, on both. The 9th section provides that, "whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed for seven successive years he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his or her paper title." And the benefits of the statute are extended to purchasers under the tax payer. This section dispenses altogether, with an adversary possession, by which notice to the original owner is presumed. This is a new and an extraordinary provision in a statute of limitations. It requires only a color of title for the land made in good faith, and the payment of the taxes assessed upon it, for seven successive years, to protect the possession of the occupant. The title must be of the same character, as the title under the 8th section, as above described. And this title, under the 9th section is avoided, if it shall appear that the owner has paid the tax in any one or more years, within the successive seven years, for which the taxes are alleged to have been paid, by the claimant. Under the provisions of the statute, this title may be acquired, without notice to the owner, either express or implied. No act is required to be done, from which any presumption of notice can arise. The payment of the taxes cannot be construed into notice to the owner, as is often done by different claimants of the same land without notice to either. The only negligence chargeable to the owner is, that for seven successive years he has failed to pay the tax. No sale of the land for taxes is necessary. The payment of the tax prevents the state officers from taking any steps against the land, for the collection of the tax, which would require public notice to be given. The acts of the party who seeks to appropriate the land, are necessarily known only to himself and the person to whom he pays the tax. And indeed the person receiving the tax, may suppose it to have been paid for the owner.

Under neither of the above sections need the color of title emanate from the state. It must be made in good faith, by a person who believes himself to have a title; and the deed, upon its face, must purport to convey a good title. If it be defective upon its face, in this respect, it does not convey a title within the statute. But it is not necessary that the fee should actually pass by the deed, for in such a case the statute would be unnecessary. It was intended to protect the right of the occupant who cannot trace his title to a legitimate source, or which may be defective in the deraignment of title behind the instrument under which he claims.

Do either of the above sections impair the obligations of the contract within the 10th section of the first article of the federal constitution, which declares "no state shall pass any law impairing the obligation of contracts"? If these sections operate as limitations, they cannot be held to impair the obligations of the owner's title. He is bound under the 8th section, by a failure to pay his taxes for seven years in succession, and his presumed acquiescence in the adversary occupation by the claimant. Under the 9th section, the bar is made complete by the defalcation of the owner to pay the tax in any one year for seven successive years; and in the payment of those taxes for that term by the claimant. The law is founded upon a public policy, and does not act di-

rectly upon the title in either of these cases, but conditionally. There must be great negligence, on the part of the owner, in a public duty, and there must be positive action by the claimant. On the concurrence of these two conditions, under the 9th section, the possession is protected; and under the 8th section or third requisite, possession is required.

The case of Fletcher v. Peck, 6 Cranch [10 U. S.] 87, does not apply to the facts in this case. The legislature of Georgia declared the grant to Peck, made by a prior legislature, void. And the supreme court held, "a grant made in pursuance of a contract, is an executed contract, and its obligations may be impaired by a law of a state." It is argued that the above act is in violation of article 5 of the amendments to the constitution, which declares, "Nor shall any person be deprived of life, liberty, or property, without due process of law." This provision is intended to restrain the action of the federal government, and like the 7th article, secure, in cases, at common law, a trial by jury, where the controversy shall exceed twenty dollars, and is not obligatory on the states. But if the above restriction did apply, it would not nullify the law, as it contemplates an inquiry and the establishment of the facts required to protect the right of the occupant. There is no power in the federal constitution, or the laws of congress made under it, to set aside the provisions of either of the above sections, and their construction must rest with the supreme court of the state. I regret that this question has not been decided by the judiciary of Illinois, as I should follow such decision as a part of the statute of the state. This is uniformly done in the construction of statutes which do not conflict with the constitution or laws of the Union. The right of the claimant under the 9th section is technical, and without any other merit than that of contributing in a very small degree to the revenue of the state. And this act, though legal, is stript of all merit when the motive which prompted it is considered. It is a mode of acquiring real estate, not dishonest, because legal. This being the aspect in which I feel bound to consider the claim, the most rigid technical rules of construction shall be applied to it. As the acts to sustain the claim are without merit, the right must be maintained by a strict compliance with every tittle of the statute. No implication can arise in favor of the right set up; no waiver of the letter of the act for a substantial compliance with it. The claimant rests upon the letter, and by the letter his right should be adjudged. The right of the defendant cannot stand this test. His claim under the 8th section cannot be sustained, as his possession of the premises was only a part of the seven years required. He cannot sustain it under the 9th section, as a part of the seven years the land claimed was not "vacant and unoccupied." He must claim under one of the sections, as he cannot claim under both. It was competent for the legislature to provide for the operation of the right under the 9th section although the claimant occupied the premises a part, of the time. But as the statute now stands, the land was not "vacant and unoccupied," if occupied by the claimant or any other person. It may be said that the occupancy of the land by the claimant is more favorable to the owner, as it may be notice to him; but the answer is, in the words of the statute, the land must be "vacant and unoccupied." The facts bring the case within the reason of the 9th section, but not within its words. In such cases the supreme court of Illinois has held that the statute does not constitute a bar, but they may be considered omitted cases, which the legislature has not deemed proper to limit. Bedell v. Janney, 4 Gilman, 194. A special power granted by statute, affecting the rights of individuals, and which directs the title of real estate, ought to be strictly pursued, and should so appear on the face of the proceedings. Smith v. Hileman, 1 Scam. 323.

Upon the whole, my opinion is, that a judgment should be entered for the plaintiff.